## NEWPORT COUNTY.

NOAH REDFORD *vs.* JOHN S. COGGESHALL, City Treasurer of the City of Newport.

In trespass on the case against a city a declaration which alleges that the city authorized, permitted and.directed a railroad company in and about laying and maintaining a railroad and using and occupying the street in front of the plaintiff's land, and that under such authority, &c., the rails were improperly laid and the railroad was improperly operated in certain specified ways by some person not named, without stating what authority, permission or direction the city gave to the railroad company, or alleging that the city had notice of the several specific acts complained of, does not contain any allegation upon which a material issue can be joined and states no cause of action.

In trespass on the case against a city an allegation in one count of the declaration to the effect that the city directed the maintenance of a railroad in a public highway which constituted a nuisance from which the plaintiff suffered special damage, although there are other immaterial allegations, is sufficient to sustain that count, and a demurrer to the whole declaration will be overruled.

A plea which sets up legislative authority for maintaining a structure in a public street which but for such authority would be unlawful is a good defence to an action for maintaining such structure.

TRESPASS ON THE CASE.   Certified from the Common Pleas Division on demurrer to declaration and demurrer to plea.

*December* 13, 1895.   PER CURIAM.   The existence of any

structure in a highway which renders it unsafe and inconvenient for travelers, if the town causes it or has notice of it, may be the ground of an action against the town for damages caused by such structure. It is, however, a good defence to such action that such structure was authorized by the legislature, for in that case the responsibility of the town is limited by the same power which created and imposed it, so as to exclude from its scope the structure which the legislature authorizes.

The plaintiff explains his first count to mean that the city has authorized and permitted the condition and obstruction of the street complained of, to the damage of the plaintiff, and his second count to allege that the city has operated the railroad so as to create a public nuisance specially hurtful to the plaintiff.

We understand that in the first count he intends to rest his claim upon the negligence of the city, and in the second to aver that the city has actively, through its agent the railroad company, created and maintained a nuisance. But, as a matter of fact, he has mixed allegations of negligence and active wrong doing in both counts. It is alleged in the first count that the city authorized, permitted and directed a railroad company in and about laying and maintaining a railroad and using and occupying the street in front of the plaintiff's land, and that under such authority, &c., the rails were improperly laid and the railroad was improperly operated in certain specified ways by some person not named. It is not specified what authority, permission or direction the city gave to the railroad company, nor is it alleged that the several specific acts complained of were ever brought to the notice of the city. If it be simply intended to charge that rails laid in the street constitute a nuisance and the city directed such construction, or after notice permitted it, the count should so state. If it be intended to charge that the city caused, or after notice permitted a railroad company which was lawfully authorized to lay rails in a proper manner, to lay them and operate its cars improperly, then the count should so state. The first count does not state any cause of action against the

city or make any allegation upon which a material issue can be joined.

The second count alleges that the city of Newport *authorized, permitted and directed* the maintenance in a public highway in front of land owned by the plaintiff of rails, turnouts and cars of the Newport Street Railway, a corporation, and permitted the said rails to be laid and the cars run in certain respects harmful to the plaintiff, and enumerates the alleged defects in construction and operation, as in the first count, and alleges that thereby the highway was rendered unsafe and inconvenient, and thereby the said rails and cars and the running thereof constituted a public nuisance.

As the count reads, the only material allegation against the city is that it directed the maintenance of a railroad in a public highway, which constituted a nuisance from which the plaintiff suffered special damage. If the city *permitted* the rails to be laid of insufficient weight, that could not harm the plaintiff by making the access to his property more difficult. The specific improper acts in running the road complained of it is not alleged that the city had notice of, and it is not said that the city *directed* these.

As we find a material allegation in one count of the declaration, and the demurrer is to the whole declaration, it must be overruled.

The defendant's plea sets up a charter and amendments granting permission to the Newport Horse Railroad Company, now the Newport Street Railway Company, to construct and operate first a horse railway and afterwards an electric railway, in such streets as the city council of Newport should fix or determine, and an ordinance of said city council designating the highway mentioned in the declaration as one of such streets.

This plea is a sufficient confession and avoidance of the material allegation in the declaration. The plaintiff's demurrer to the plea must therefore be overruled.

*Charles Acton Ives*, for plaintiff.

*Francis B. Peckham, Darius Baker & William P. Sheffield, Jr.*, for defendant.